The STATE of Ohio, Appellee,

v.

COOPER, Appellant.

[Cite as *State v. Cooper* (1994), 92 Ohio App.3d 108.]

Court of Appeals of Ohio,
Montgomery County.

No. 13980.

Decided Jan. 12, 1994.

*John Scaccia,* Chief City Prosecuting Attorney, for appellee.

*Barbara V. Thompson,* for appellant.

FAIN, Judge.

Defendant-appellant Chester Cooper, Jr. appeals from his conviction and sentence for importuning. Specifically, Cooper was charged with having solicited a female under the age of thirteen to engage in sexual activity with him. Cooper contends that there is insufficient evidence to support the charge. Cooper contends that the evidence, which was conflicting, would establish at most that he asked his young victim to pull down her clothes and said, "Let me show you something." This was as far as matters proceeded, because the victim then ran screaming from the room.

Cooper argues that his alleged conduct, while reprehensible, did not constitute the solicitation of his victim "to engage in sexual activity with him," since the removal of clothing for the purposes of sexual gratification is not within the scope of the definition of "sexual activity" in R.C. 2907.01(C).

We reluctantly agree with Cooper. In our view, Cooper's alleged conduct ought to be prohibited, but is not. At most, Cooper's conduct may have been preliminary to a solicitation to his victim to engage in sexual activity with him, which might constitute attempted importuning. Because there is insufficient evidence to support a conviction upon the offense charged, the judgment of the trial court is *reversed,* and this cause is remanded for further proceedings.

## I

The victim, D.L.P., entered Cooper's apartment accompanied by Cooper's niece, who was only two years old. D.L.P. was either seven or eight years old. D.L.P. testified as follows:

"When I was playing with my friend, Cherie, outside, her mother asked me to watch her; and I did. She went into the next building. I went inside with her. He told me to take her outside and I took her outside. He asked me to come back. I did. Then he asked me to pull down my clothes and said, 'Let me show you something.' I said, 'No.' Then I screamed. I unlocked the door and ran out. I told my mother."

Cooper was identified as the perpetrator. D.L.P. also testified that Cooper had been in his bathroom sticking a needle, "like what a doctor uses," in his hand just before asking her to pull down her clothes. She testified that she was afraid when she was told to pull down her clothes "because I would never pull down my clothes in front of nobody's face." She testified that Cooper was right in front of her at the time of the request.

Cooper testified that he did not ask D.L.P. to pull down her clothes. He denied that anything of the sort occurred when she was in his apartment.

Cooper was arrested and charged with importuning. Following a bench trial, Cooper was convicted and sentenced accordingly. From his conviction and sentence, Cooper appeals.

## II

Cooper's sole assignment of error is as follows:

"The trial court erred by convicting appellant of importuning where the state failed to prove all of the essential elements of the crime beyond a reasonable doubt."

Importuning is proscribed by R.C. 2907.07(A), which provides as follows:

"No person shall solicit a person under thirteen years of age to engage in sexual activity with the offender, whether or not the offender knows the age of such person."

"Sexual activity" is defined in R.C. 2907.01(C) as meaning sexual conduct, sexual contact or both. These terms are defined in R.C. 2907.01(A) and (B) as follows:

"(A) 'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

"(B) 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

### A

Cooper first contends that "to solicit" requires repeated or protracted requests or demands. We agree with the state that solicitation of a child under the age of thirteen requires no more than that a request be addressed to the child in a form reasonably calculated to cause the child to understand the nature of the request, and to afford the child an opportunity to consent to the request. In this case, the child was asked to "pull down her clothes." In our view, this was sufficient to constitute a solicitation to the child to disrobe, at least partially.

### B

Cooper next contends that solicitation must rise to the level of inciting a breach of the peace, citing *State v. Perrin* (1991), 62 Ohio Misc.2d 51, 589 N.E.2d 497, and *State v. Phipps* (1979), 58 Ohio St.2d 271, 12 O.O.3d 273, 389 N.E.2d 1128.

We agree with the state that these cases are not applicable, since they involve homosexual solicitation, which is proscribed by R.C. 2907.07(B). This part of the statute specifically requires that the solicitation be offensive to the other person. We would be loath to hold that a solicitation addressed to a person under the age of thirteen must rise to the level of a breach of the peace before coming within the ambit of the statute.

## C

Cooper next contends that even if his alleged request amounts to a solicitation, it was not a request to engage in sexual activity as that term is defined in R.C. 2907.01. Here we are forced to agree with Cooper. The act of causing another to disrobe, wholly or partially, for the purpose of sexual gratification, is clearly not within the scope of the definition of "sexual activity" in R.C. 2907.01(C).

The state contends that Cooper's purpose in having asked his victim to remove her clothes was clear, or at least his intent to engage his victim in sexual activity could be reasonably inferred, from these facts. We agree. However, the perpetrator's purpose in addressing a request does not transform a request to perform a particular act into a request to engage in sexual activity. If the state's view were correct, R.C. 2907.07(A) would read something like this:

"No person shall solicit a person under thirteen years of age to perform an act, or to refrain from performing an act, for the purpose of engaging in sexual activity with the victim, whether or not the offender knows the age of the victim."

That is not how the existing statute reads. If D.L.P.'s testimony is to be believed, then Cooper probably requested that she take his niece outside and re-enter his apartment with the intent that he and D.L.P. would engage in sexual activity. That does not make the request that she take his niece outside and return to the apartment a request to engage in sexual activity. It was simply a request to take his niece outside and return to his apartment.

Similarly, the request that his victim remove her clothes, while reprehensible, was not a request that she engage in sexual activity with him. It was possibly preparatory to engaging in sexual activity and may, therefore, have constituted attempted importuning.

The state appears also to be arguing that Cooper's request to his victim to remove her clothes, when coupled with the remark, "Let me show you something," was reasonably intended to be understood as a request to engage in sexual activity. Under other circumstances, this argument might be persuasive. Between two adults in a sexually charged atmosphere, a request from the man to the woman (or vice versa, for that matter) to disrobe, combined with a remark

along the lines of, "I've got something to show you," might reasonably be intended as, and interpreted as, a request to engage in sexual activity. In the language of sexual seduction, that is a reasonable meaning to impart to the words used.

However, there is nothing in the record before us to suggest that Cooper could reasonably have expected his victim, who was no more than eight years old and not knowledgeable about sexuality, to have been familiar with the language of seduction that would be familiar to sexually mature men and women. It is as though Cooper, for whatever reason, were to have proposed sexual activity to his victim in Swahili, being confident that she would not understand that the words he was uttering in an unfamiliar language constituted a request to engage in sexual activity.

That Cooper intended sexual activity as a result of his proposition is reasonably inferable from this record. However, the issue is not what he intended as an ultimate result; the issue is whether he in fact communicated, in words, conduct, or both, a request to engage in sexual activity that his victim could reasonably be expected to have understood as such.

While we find reprehensible a request addressed to a child under the age of thirteen to disrobe wholly or partially, whether or not accompanied by the further remark, "Let me show you something," we cannot find that that is proscribed by R.C. 2907.07(A), because causing another to disrobe for purposes of sexual gratification is not within the definition of "sexual activity" contained in R.C. 2907.01(C). We would encourage the General Assembly to enact legislation to prohibit a request of this kind addressed to children under the age of thirteen. Until then, however, we conclude that upon this evidence, Cooper cannot be convicted of importuning, although he may possibly be convicted of attempted importuning, since a factfinder might reasonably infer upon this evidence that Cooper's conduct was preparatory to a request to engage in sexual activity.

Cooper's sole assignment of error is sustained.

### III

Cooper's sole assignment of error having been sustained, the judgment of the trial court is *reversed,* and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.